IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JASON COLLINS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHN WEBER;**<br>**WEBER BROS FOOD, LLC; and**<br>**WEBER BROS JUICE, LLC,**<br><br>**Defendants.** | **No. __________**<br><br>**JURY DEMAND** |

## COMPLAINT

For his Complaint under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, against Defendants John Weber ("Weber"), Weber Bros Food, LLC ("WB Food"), and Weber Bros Juice, LLC ("WB Juice") (collectively, "Defendants"), Plaintiff Jason Collins ("Collins" or "Plaintiff") states as follows:

### INTRODUCTION

1. Plaintiff files this action to remedy Defendants' violations of the FLSA, namely terminating Collins's employment retaliation for engaging in FLSA–protected activities. Defendants violated the FLSA during Plaintiff's employment by, among other things, not distributing cash tips earned by hourly employees to those employees, instead retaining the cash tips, and by not paying overtime compensation to their nonexempt employees who worked over 40 hours in a workweek at multiple restaurant locations. Collins complained to Defendants' Director, Cam Harrington ("Harrington") about these practices, but Defendants did not correct them. After Plaintiff complained to Defendants about multiple FLSA violations, Defendants terminated his employment in retaliation for his protected activities.

2. Collins also files this action to remedy Defendants' breach of his written employment agreement. Defendants breached their contract with Plaintiff by failing to pay him all the salary owed to him under their agreement.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction. Collins's claims either arise under the laws of the United States, namely the FLSA, 28 U.S.C. § 1331, or are "so related to [the federal] claims . . . that they form part of the same case or controversy under Article III of the United States Constitution," *id.* § 1367(a).

4. This Court has personal jurisdiction over Weber; he resides in this District and employs individuals in this District.

5. This Court has personal jurisdiction over WB Food; it employs individuals in this District.

6. This Court has personal jurisdiction over WB Juice; it employs individuals in this District.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b). A substantial part of the events giving rise to this action occurred within this District, and Defendants employ individuals in this District.

**PARTIES**

8. Collins is an individual; he resides in Williamson County, Tennessee. Plaintiff attaches his written consent to join this action as Exhibit 1.

9. WB Food is a Tennessee limited liability company with its principal office located at 4277 Murfreesboro Road, Franklin, TN 37067.

10. WB Food's registered agent for service of process is Cole T. Weber, 1417 Riverside Drive, Nashville, TN 37206.

11. WB Juice is a Tennessee limited liability company with its principal office located at 4277 Murfreesboro Road, Franklin, TN 37067.

12. WB Juice's registered agent for service of process is Cole T. Weber, 1417 Riverside Drive, Nashville, TN 37206.

13. Weber is an individual.

14. Weber is a member of WB Food.

15. Weber serves as CEO of WB Food.

16. Weber has a significant ownership interest in WB Food.

17. Weber is a member of WB Juice.

18. Weber serves as CEO of WB Juice.

19. Weber has a significant ownership interest in WB Juice.

**EMPLOYER-EMPLOYEE ALLEGATIONS**

20. Defendants form a single employer for purposes of liability under the FLSA.

21. WB Food and WB Juice share common owners, including but not limited to Weber and his sons, Cole Weber ("Cole") and Tanner Weber ("Tanner").

22. WB Food and WB Juice share common management employees, including but not limited to Plaintiff (while he was employed by Defendants), Weber, Cole, Tanner, Harrington, and Stephanie Fragale ("Fragale").

23. WB Food and WB Juice share common corporate officers, including but not limited to Weber, Cole, Tanner, Harrington, and Fragale.

24. Weber exercises centralized control over labor relations for employees of WB Food

and WB Juice.

25. Weber is responsible for the overtime and tip-sharing policies at WB Food and WB Juice.

26. Weber is responsible for maintaining personnel records for employees of WB Food and WB Juice.

27. Inter-company transfers and promotions of personnel between WB Food and WB Juice are common, including but not limited to that of Plaintiff and the hourly employees who work at more than one restaurant location.

28. There is a significant overlap of financial control and ownership for WB Food and WB Juice, including but not limited to overlapping ownership by Weber, Cole, and Tanner.

29. Weber, Cole, Tanner, Harrington, Fragale, and Plaintiff (while he was employed by Defendants) participate in a weekly operations meeting each week, during which they discuss the operations of all the concepts, including but not limited to The Country Boy Restaurant, The Davis General, Franklin Juice Café, Hogwood BBQ, The Tornado Room, and Zolo's.

30. At all relevant times, Collins was an employee of Defendants under the FLSA.

31. At all relevant times, Defendants were Collins's employers under the FLSA.

32. At all relevant times, Defendants maintained control, oversight, and direction over Collins's employment.

33. WB Food's annual gross volume of business exceeds $500,000.

34. WB Juice's annual gross volume of business exceeds $500,000.

## FACTS

35. Defendants operate restaurants in the Franklin, Tennessee, area, including The Country Boy Restaurant, Franklin Juice Café, The Tornado Room, and Zolo's.

36. Collins worked for Defendants as Director of Operations for multiple concepts—including The Country Boy Restaurant, The Davis General, Franklin Juice Café, Hogwood BBQ, The Tornado Room, and Zolo's—from approximately August 2023 until September 2, 2025.

**FLSA Retaliation**

37. During his employment with Defendants, Plaintiff engaged in activities protected by the FLSA.

38. Collins informed Defendants, through their Director, Harrington, that Franklin Juice Café was not distributing tips earned by its tipped employees to the tipped employees, as required by the FLSA.

39. Plaintiff advocated for Defendants to pay all tips earned by their tipped employees to the tipped employees, as required by the FLSA.

40. Collins informed Defendants, through Harrington, that Defendants were not paying overtime compensation to nonexempt employees for hours worked during the same workweek at The Country Boy Restaurant, Franklin Juice Café, and Zolo's even though the FLSA requires Defendants to aggregate hours worked by nonexempt employees in the same workweek at closely related businesses.

41. Plaintiff advocated for Defendants to pay all overtime compensation due to their nonexempt employees, as required by the FLSA.

42. Defendants at all relevant times knew about Collins's FLSA–protected activities.

43. After Plaintiff complained about Defendants' FLSA violations and engaged in FLSA–protected activities, Defendants terminated his employment on September 2, 2025.

44. John signed Collins's termination letter in his capacity as the CEO of WB Food and WB Juice.

45. Defendants' termination of Plaintiffs' employment was because of his FLSA–protected activities.

**Breach of Contract**

46. Collins entered into a written employment agreement (the "Contract") with Defendants in approximately August 2023 when he began working for Defendants.

47. The Contract between Plaintiff and Defendants provides that Defendants shall pay Collins $25,000 in salary per concept each year.

48. In August 2023, when Collins began working for Defendants, the only open concepts were Franklin Juice Café and Zolo's.

49. Plaintiff's starting salary was $50,000 per year.

50. Defendants opened The Country Boy Restaurant in approximately October 2023.

51. In approximately November 2023, Defendants increased Collins's salary to $75,000 per year for opening The Country Boy Restaurant.

52. Defendants opened The Tornado Room in approximately Spring 2024.

53. Plaintiff never received the salary increase required under the Contract after Defendants opened The Tornado Room.

54. Defendants opened Hogwood BBQ after acquiring it from the previous owner in approximately late 2024.

55. Collins never received the salary increase required under the Contract after Defendants opened Hogwood BBQ.

56. Defendants opened The Davis General after acquiring it from the previous owner in approximately early 2025.

57. Plaintiff never received the salary increase required under the Contract after Defendants opened The Davis General.

58. Under the Contract, Collins's salary should have increased to $100,000 per year in approximately Spring 2024.

59. Under the Contract, Plaintiff's salary should have increased to $125,000 per year in approximately late 2024.

60. Under the Contract, Collins's salary should have increased to $150,000 per year in approximately early 2025.

61. Defendants breached the Contract when they failed to increase Plaintiff's salary, as required under the Contract, after the opening of The Tornado Room, Hogwood BBQ, and The Davis General.

62. Defendants' breaches of the Contract caused Collins damages.

63. Plaintiff's damages include but are not limited to the difference between the $75,000 salary paid to Collins and the amount of the salary promised under the Contract.

**COUNT I**
**FLSA Retaliation**
**29 U.S.C. § 215(a)(3)**

64. Plaintiff engaged in FLSA–protected activities during his employment, including but not limited to informing Defendants that they were violating the FLSA by not paid all tips earned to their tipped employees and by advocating for Defendants' tipped employees to receive all their earned tips, as required by the FLSA.

65. Defendants knew of Collins's FLSA–protected activities.

66. Defendants took an adverse action against Plaintiff because of his FLSA–protected activities, namely terminating his employment.

67. There is a causal connection between Collins's FLSA–protected activities and the adverse employment action that Defendants took against him.

68. Defendants' retaliation caused Plaintiff damages, including compensatory damages, liquidated damages, back pay, front pay, interest, costs, and attorneys' fees.

69. Defendants' retaliation against Collins was with malice or with reckless indifference to his federally protected rights.

70. Defendants' retaliation against Plaintiff warrants the imposition of punitive damages.

**COUNT II**
**Breach of Contract**
**Tennessee Common Law**

71. Collins entered the Contract when he began working for Defendants in approximately August 2023.

72. The Contract is valid and enforceable.

73. Adequate consideration supports the Contract.

74. Defendants breached the Contract when they failed to pay Plaintiff all sums due under their agreement.

75. Defendants' breach of the Contract caused Collins damages, including but not limited to the difference between the $75,000 salary paid to Collins and the amount of the salary promised under the Contract.

**JURY DEMAND**

Collins demands a jury trial.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff prays for the following relief from this Court:

A. Issuing process against Defendants and requiring them to answer within the period provided by law;

B. Awarding Collins back pay, front pay, compensatory damages, liquidated damages, and punitive damages, resulting from Defendants' FLSA retaliation;

C. Requiring Defendants to pay all the attorneys' fees that Plaintiff incurs to bring and to maintain his FLSA claims;

D. Awarding Collins damages for breach of contract;

E. Requiring Defendants to pay the costs and expenses of this action;

F. Requiring Defendants to pay pre-judgment and post-judgment interest as provided by law; and

G. Granting Plaintiff such other, further, and general relief to which he may be entitled.

Date: January 16, 2026

Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR # 018965)
/s/ *Melody Fowler-Green*
Melody Fowler-Green (TN BPR # 023266)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN BPR # 032400)
YEZBAK LAW OFFICES PLLC
P.O. Box 159033
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
mel@yezbaklaw.com
teeples@yezbaklaw.com

*Counsel for Plaintiff*